**Lance A. LeFever** (Oregon Bar No. 993098)
Email:  llefever@thorp-purdy.com
**Chelle B. Haynes** (Oregon Bar No. 186164)
Email: chaynes@thorp-purdy.com
Thorp, Purdy, Jewett, Urness & Wilkinson, P.C.
1011 Harlow Road, Suite 300
Springfield, Oregon  97477
Telephone:     (541) 747-3354
Facsimile:     (541) 747-3367
         of Attorneys for all Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MONIQUE DE BOER** and **NICK CARPENTER**, in their capacities as the **COLLECTION COMMITTEE OF THE SOUTHERN OREGON IBEW-NECA ELECTRICAL WORKERS AUDIT COMMITTEE,** in their collective capacities as fiduciaries and/or designated collection agents for the: <br>**CASCADE PENSION TRUST;** <br>**HARRISON ELECTRICAL WORKERS  TRUST FUND;** <br>**CRATER LAKE ELECTRICAL JOINT   APPRENTICESHIP AND TRAINING   TRUST FUND;** <br>**LOCAL 659 LABOR MANAGEMENT   COOPERATION FUND;** <br>**NECA-IBEW NATIONAL LABOR-   MANAGEMENT COOPERATION FUND;** <br>**ELECTRICAL INDUSTRY    ADMINISTRATIVE MAINTENANCE    FUND OF THE OREGON-PACIFIC-    CASCADE CHAPTER, NATIONAL    ELECTRICAL CONTRACTORS** | Case No. 6:22-CV-00203-__ <br><br>**COMPLAINT** <br><br>ERISA Action (29 U.S.C. § 1132); <br>LMRA Action (29 U.S.C. § 185) |

ASSOCIATION;
**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 659;** and the
**OREGON-PACIFIC-CASCADE CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION**,

                Plaintiffs,

vs.

**DANIEL LEE NAWMAN**, dba **DAN'S ELECTRIC**,

                Defendant.

## PARTIES

1.

Plaintiffs Cascade Pension Trust, Harrison Electrical Workers Trust Fund, and the Crater Lake Electrical Inside Joint Apprenticeship and Training Trust (collectively, the "Trust Funds") are employee benefit plans and multiemployer plans as those terms are defined in Section 3(3), (37) of ERISA, 29 U.S.C. § 1002(3), (37), and each is managed by a board of trustees comprised of equal representation by management and labor representatives.

2.

Plaintiffs Oregon-Pacific-Cascade Chapter, National Electrical Contractors Association, International Brotherhood of Electrical Workers, Local Union No. 659 (the "Local"), Local 659 Labor Management Cooperation Fund, NECA-IBEW National Labor-Management Cooperation Fund, and the Electrical Industry Administrative Maintenance Fund of the Oregon-Pacific-Cascade Chapter, National Electrical Contractors Association, (collectively with the Trust Funds, the "Funds") are, respectively, an Oregon nonprofit corporation, a labor organization, and other funds established and/or benefitted by employer contributions and/or employee wage

withholdings under one or more collective bargaining agreements (the "CBA") in the jurisdiction of the Local.

3.

Plaintiff Southern Oregon IBEW-NECA Electrical Workers Audit Committee, acting by and through its Collection Committee comprised of Plaintiffs Monique de Boer and Nick Carpenter (collectively, "Collection Committee"), was and is the designated collection agent for employee benefit plan contributions and wage withholdings for all the Funds, and authorized to collect from signatory employers the fringe benefit contributions and other amounts required to be paid by employers or withheld from their employees' wages in the jurisdiction of the Local. Collection Committee is a fiduciary, as such term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), to all the Trust Funds.

4.

Defendant Daniel Lee Nawman ("Employer") is an individual doing business as Dan's Electric residing in Douglas County, Oregon

**JURISDICTION AND VENUE**

5.

The Court has jurisdiction of this suit under:

a.  Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145; and

b.  Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

6.

Venue in the Eugene Division of the United States District Court for the District of Oregon is proper under 28 U.S.C. § 1391 because:

a.  Employer has a principal place of business and residence in Medford, Douglas County,

Oregon;

b.  A substantial part of the events or omissions giving rise to the claim occurred, or property which is the subject of this action is located, in Douglas County, Oregon;

c.  Employer may be found, or has sufficient minimum contacts to be subject to personal jurisdiction, in Douglas County, Oregon.

## FIRST CLAIM FOR RELIEF

7.

Plaintiffs reallege paragraphs 1 – 6.

8.

Employer is, and was at all material times, party to one or more CBA with the Local. Under such CBA, Employer is bound by the terms of the trust agreements establishing the Funds and under which Funds operate, and the policies and procedures agreed upon by all the Funds.

9.

Pursuant to the trust agreements and CBA, Employer is required by the 15th of each month to submit written reports to the Plaintiffs indicating hours worked in the prior month by Employer's employees who are covered by said agreements.  Employer is also required under such agreements to remit payments to Plaintiffs in order to provide benefits under said agreements to Employer's employees who are covered.

10.

Pursuant to such trust agreements and CBA, Employer is also required to make available to Plaintiffs applicable books and records for the purpose of auditing the same to determine whether Employer has correctly computed Employer's monthly liability to Plaintiffs, and to pay the expenses of the audit if any delinquencies are found under the guidelines of the Funds' applicable agreements, policies and procedures.  Plaintiffs have demanded that Employer make available applicable books and records for work performed during the period of January through

December 2018, but Employer has failed and refused to do so.

11.

On information and belief, one or more of Employer's employees performed work for which reports were due or payments required during each of the months for which Plaintiffs have demanded an audit. As a consequence, contributions in an as yet undetermined amount may be owed to Plaintiffs by Employer.

12.

Pursuant to the trust agreements, CBA, and ERISA Section 502(g)(2)(C), 29 U.S.C. §§ 1132(g)(2)(C), there will be due and owning from Employer to each Trust Fund and their Fiduciaries liquidated damages up to 20% of the unfunded contributions associated with each report, and in each month, owed by Employer to Plaintiffs.

13.

Under the terms of the CBA and trust agreements, the delinquent contributions for each month and report owed by Employer accrue interest due to Plaintiffs at the annual rate of 10 percent, compounded monthly, commencing in the month in which the contributions were due and continuing until paid in full. Such interest rate applies pre- and post-judgment.

14.

Plaintiffs have made written demand upon Employer to make available applicable books and records for the purpose of auditing the same, but Employer has failed and refused to do so.

15.

Plaintiffs do not have an adequate remedy at law.

16.

Plaintiffs have had to employ an attorney to represent them herein and have and will incur reasonable attorney fees in prosecuting Plaintiffs' claim. Pursuant to the trust agreements, CBA and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover

their reasonable attorney fees incurred herein.

WHEREFORE, Plaintiffs pray for a decree as follows:

1. On Plaintiffs' first claim for relief,

    a. ordering Employer to submit to a complete accounting for all sums due, including liquidated damages and interest for covered hours of work performed during the months set forth above.

    b. Entering judgment for Plaintiffs and against Employer for the cost of accounting, plus all delinquent contributions, liquidated damages and interest in the amount shown by the accounting.

    c. Enjoining Employer from failure to make any further contributions or submit any written reports when due to any Plaintiff.

2. On any and all claims for relief on which Plaintiffs prevail, for Plaintiffs' reasonable attorney fees, expenses, costs and disbursements incurred herein, together with post-judgment interest thereon at the annual rate of 10 percent, compounded monthly.

Dated February 8, 2022.

THORP, PURDY, JEWETT,
URNESS & WILKINSON, P.C.

By: _____
**LANCE A. LEFEVER**
OSB# 993098
(541) 747-3354
**of Attorneys for all Plaintiffs**

**Complaint**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 6**